Peck, C.J.
It is alleged in the petition that in 1839, Stephen Hayward, the ancestor of defendants, being the lawful owner and holder of a certificate of entry and purchase of eighty acres of land in Delaware county in the State of Indiana, sold and assigned the same for a valuable consideration to James Pollock, who, for a like consideration, sold and assigned the certificate to Robert Kyle, and that Robert Kyle, by his deed duly executed, and dated October 15, 1857, and for a valuable consideration, conveyed the lands specified in the certificate, to the plaintiff, in fee simple. That a patent .for the land was issued to Stephen Hayward, but never in fact delivered to him, and was received by Robert Kyle in 1854, upon his surrender of the certificate to the receiver of United States lands at Indianopolis. That Stephen Hayward died intestate, A\D. 1844, leaving five heirs at law, four of whom, two adults and two minors, were, at the filing of the petition, residents of the State of Ohio, but the other, an adult, then was, and still is, a resident of Delaware county, Indiana. The object and prayer of the petition is to compel a conveyance from the heirs at law of Stephen Hayward, of the lega* title descended to them from their said ancestor.
*304 The adult and minor heirs, resident within this state, were duly served with jirocess; but the other heir was not so served, nor has he in any way appeared to the action, although served with a copy of the petition in the state where he resides.
From this statement, it is apparent that the district court of Clermont county has never acquired such jurisdiction over the person of the non-resident defendant, as will authorize an attachment to compel a conveyance by him of the land, if the right thereto should be adjudged to the plaintiff.
The question therefore arises, whether the district court of Clermont has such jurisdiction over the person or subject matter of the suit, as will authorize and require it to proceed to a final hearing and determination, and to administer a partial relief, by decreeing a conveyance from those who have been served with its process. Such relief, in the case before us, would, at this time, have to be limited to two fifths — the shares of the adult heirs who are in default — as there is not sufficient evidence to sustain a decree against the minors.
The land is situated in the State of Indiana, and we can have no direct jurisdiction over it; but the proposition, that a court exercising chancery powers in one state, can compel specific performance of agreements to convey lands situate in another state, after it has acquired complete jurisdiction over the person of the party bound by the agreement, is too well settled by numerous decisions in England and in this country, to be now disputed. 2 Story Eq. (6 Ed.), secs. 743 and 744, and the English and American cases cited in note. See also, Cleveland v. Burrill, 25 Barb. 522; Fowler v. Harris, 1 Hen. & Mun. 5; De Klyre v. Watkins, 3 Sandf. 187. It is true that no reported decision is to be found in our own.state, but the jurisdiction has been frequently exercised by the inferior courts, and the absence of any reported case, is strong evidence of professional acquiescence in its assumption.
The court in such case does not act directly on the land, by putting the plaintiff in possession, or making its decree operate as a conveyance under the statute; but binds the conscience of defendant, compelling him to do what equity requires, and resorting, if need be, to its process of attachment *305 to enforce obedience to its decree. The power to enforce decrees by attachment in such cases is conferred, substantially,, by section 488 of the code, and was held to exist under our former system, notwithstanding the statute making decrees operate per se as conveyances. Randall v. Pryor, 4 Ohio Rep. 424. Practically, where the court has jurisdiction over the land, proceedings by attachment will rarely, if ever, be resorted to; but in cases like the present,, where no such jurisdiction has attached, it furnishes the only remedy our courts-can confer.
The service, by copy, of summons and complaint in Indiana,, under section 71 of the code, was irregular, and did not confer upon the court jurisdiction to hear and determine the cause as to-the non-resident. It was not a case for the application of the-46th, but the 53rd section of the code. A careful analysis of sections 45 and 46 will show, that the last clause of section 46, relating to actions for specific performance, must be limited to cases specified in section 45, which it was intended to qualify, that is, to cases where the lands to be conveyed are situated within this state. But if we are wrong in this, the-court could not by such-service acquire jurisdiction to grant the only relief of which the case is susceptible — an attachment to enforce obedience to its decree. The suit as to him, would be a vain and futile proceeding, which the court should not' inaugurate, nor pursue.
The provisions of the code specifying who shall or may be made defendants in cases like the one under consideration, arc* sections 35 and 40 : .
“ Sec. 35. Any person may be made a defendant, who has- or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein.
“ Sec. 40. The court may determine any controversy between parties before it, when it can be done without prejudice-to the rights of others, or by saving their rights; but when a determination of the controversy can not be had without the-presence of other parties, the court must order them to be brought in.”
*306 It will be perceived that the language in both these sections is merely permissive, with the exception, relating to cases where a determination of the controversy can not be had without prejudice to the rights of others, and there, it is mandatory upon the court.
The effect of these sections is to vest in the court a legal ■discretion to say, when and under what circumstances a suit may proceed without drawing into its vortex all parties interested in the questions involved in it, if it can be done without prejudice to the rights of others. But this discretion is not an arbitrary discretion. It must be exercised with due regard to established rules ; and prominent among these, is the duty to avoid multiplicity of suits, and to attain a final and complete determination of all the questions involved in it, with the least delay and at the least possible expense.
There is much obscurity in the title of the code as to “ parties to civil actions,” owing to the effort to blend, in one system, the rules pertaining to suits at law and in chancery; but ■the rules of courts of equity will be found to predominate in its provisions. Judge Swan, in his recent and valuable treatise upon the code, at page 100, says, that section 35 is a substantial adoption of the equity rule, requiring persons whose interests are involved in the issue, and who may be affected by the judgment or decree, to be made defendants ; and adds as a sequence on the next page, that “ all parties entitled to litigate the same questions over again in a new proceeding, instituted by them or either of them, are, in general, necessary purties.” This is not perhaps a logical sequence of the rule .as stated; but when considered in connection with the duty to avoid multiplicity of suits, it is believed to be correct.
The suit is against all the heirs of Stephen Hayward, who, unitedly, represent him, and is brought to compel specific .performance by them of his single obligation. The case as now presented to us, only authorizes a decree for conveyance ■of two fifths of the land descended ^leaving the liability of the three remaining heirs, and the right of plaintiff to the residue of the land, still open and undetermined. Whenever that right and that liability are asserted, against them or either of *307 ■them, the same questions, in regerd to the legal validity of the contract and the right of plaintiff to a conveyance, will have to be litigated anew. To permit such a state of things, where no real necessity exists, would be to encourage, rather ■then to repress a multiplicity of suits. So far as we can perceive, no real necessity exists, in this case, for trenching upon this ancient and salutary rule of equity. The land and, it is said, all the heirs of Hayward are now within the State of Indiana, and the plaintiff will have eventually to go there before he obtains complete relief. The law of that state must necessarily govern, here as well as there, the succession and transmission of lands within its borders, and necessarily controls any relief we might accord. The courts of that state have jurisdiction over the land itself, and can therefore do what we are unable to accomplish — settle the entire controversy in one and the same proceeding. The cases of Moore’s lessee v. Armstrong, 10 Ohio Rep. 11; Kay et al. v. Watson, 17 Ohio Rep. 27; and Trimble et al. v. Longworth, 13 Ohio St. Rep. 431, holding that the interests of coparceners in lands •descended to them, are so far severable in their nature, that the disability of one will not save the rights of his coparceners, do not conflict with the view here expressed, but tend strongly to support it. All the coparceners were before the court as parties to the suit and the entire controversy was settled and adjusted in one and the same action, holding some liable and others exempt.
One who has already conveyed his interest to the vendee, •or from whom the vendee does not propose now or hereafter .to exact performance of the ancestral obligation, is not, upon the principles of the code, a necessary party to a petition by the vendee to enforce it against the others. The entire controversy can be adjusted without his presence.
That petitions for specific performance to convey real es•tate are addressed to the sound legal discretion of the chan-cellor, to be exercised by him in conformity with general rules and settled principles, and may be proceeded with or ■dismissed as that discretion, thus controlled, may indicate, is •a. long-established doctrine of equity jurisprudence, and the *308 provisions of the code, as .to parties, do not seem in any way to have restricted its exercise. "We, therefore, feel constrained to hold that upon the case made by the petition, and in view of the principles before adverted to, the petition must be dismissed ; it being for conveyance of land in another state where-complete relief can be afforded, and the court here; not having obtained full jurisdiction over the persons of the parties still bound by the contract which the petition seeks to enforce.
Petition dismissed without prejudice.
Brinkerhoee Scott, Ranney and Wilder, JJ., concurred-